J-S14006-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DASHAWN LAQUINN JAMISON | : | No. 635 MDA 2025 |

Appeal from the Order Entered April 11, 2025
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0003795-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DASHAWN LAQUINN JAMISON | : | No. 636 MDA 2025 |

Appeal from the Order Entered April 11, 2025
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0003667-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DASHAWN LAQUINN JAMISON | : | No. 637 MDA 2025 |

Appeal from the Order Entered April 11, 2025
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0002316-2022

COMMONWEALTH OF PENNSYLVANIA    :   IN THE SUPERIOR COURT OF
        :            PENNSYLVANIA
        :
      v.        :
        :
        :
        :
DASHAWN LAQUINN JAMISON    :
        :
      Appellant    :   No. 640 MDA 2025

Appeal from the Order Entered April 11, 2025
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0003795-2021

COMMONWEALTH OF PENNSYLVANIA    :   IN THE SUPERIOR COURT OF
        :            PENNSYLVANIA
        :
      v.        :
        :
        :
        :
DASHAWN LAQUINN JAMISON    :
        :
      Appellant    :   No. 641 MDA 2025

Appeal from the Order Entered April 11, 2025
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0003667-2021

COMMONWEALTH OF PENNSYLVANIA    :   IN THE SUPERIOR COURT OF
        :            PENNSYLVANIA
        :
      v.        :
        :
        :
        :
DASHAWN LAQUINN JAMISON    :
        :
      Appellant    :   No. 642 MDA 2025

Appeal from the Order Entered April 11, 2025
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0002316-2022

BEFORE:  KUNSELMAN, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:     **FILED: JULY 16, 2026**

The Commonwealth appeals, and Dashawn Jamison cross-appeals, an order vacating Jamison's judgments of sentence and reversing his *pro se* guilty pleas at three dockets, based on Jamison's petition at one docket under the Post Conviction Relief Act (PCRA).  42 Pa.C.S. §§ 9541–9546.  The PCRA court agreed with Jamison that he was not fully colloquied under the relevant rule about waiving the right to counsel.  *See* Pa.R.Crim.P. 121.  The court agreed with the Commonwealth that an order was appropriate at the other dockets in Jamison's global plea.  Because Jamison's waiver-of-trial colloquy showed he understood the right to counsel, he cannot prove that the lack of a waiver-of-counsel colloquy violated a constitutional right.  Therefore, Jamison is not entitled to PCRA relief.  We reverse.

This consolidated appeal involves cases at three criminal dockets.  After Jamison was found guilty and sentenced in a case at a fourth docket, he agreed with the Commonwealth to resolve these three dockets by plea with an aggregate 10-to-20-year sentence.  The sentence of total confinement would be imposed at one docket (3795-21); the other dockets (3667-21, 2316-22) would have concurrent sentences of probation.  The trial court received Jamison's plea on August 18, 2023.  Jamison completed a written form waiving his trial rights, and the trial court conducted a guilty plea colloquy.  At every stage of the proceedings, Jamison appeared *pro se* with standby counsel.

On April 8, 2024, Jamison filed a *pro se* PCRA petition, his first, at docket 3795-21.[1] The PCRA court appointed counsel, who filed an amended petition on June 3, 2024. The amended petition included one claim: the trial court's failure to administer a waiver-of-counsel colloquy under Rule 121 of the Pennsylvania Rules of Criminal Procedure was reversible error. On September 16, 2024, the PCRA court granted relief at docket 3795.

On September 26, 2024, the Commonwealth moved for reconsideration. Jamison filed a supplemental PCRA petition and memorandum of law. Ultimately, the PCRA court granted Jamison's petition and granted the Commonwealth's motion to join the other two dockets "for purposes of overturning the global plea agreement, based upon the lack of a Rule 121-compliant colloquy of [Jamison] on his waiver of counsel." Order and Opinion, 4/11/25, at 1.

The Commonwealth appealed and Jamison cross-appealed. The parties and the PCRA court complied with Pennsylvania Rule of Appellate Procedure 1925. The Commonwealth presents two issues challenging the basis for the PCRA court's grant of relief: (1) whether Jamison had the "close assistance of counsel" through the plea process, and (2) whether Jamison's waiver of his right to counsel was knowing, voluntary, and intelligent. Jamison challenges the PCRA court's jurisdiction to enter orders at the two dockets where he did

---

[1] Jamison filed an additional *pro se* petition on May 23, 2024, which is not the subject of this appeal.

not request relief and where neither party filed timely post-sentence motions, direct appeals, or PCRA petitions.

Our standard of review is to determine whether the record supports the PCRA court's factual findings and whether the PCRA court's legal conclusions are correct. **Commonwealth v. Diaz**, 183 A.3d 417, 421 (Pa. Super. 2018).

> When reviewing the propriety of an order pertaining to PCRA relief, we consider the record in the light most favorable to the prevailing party at the PCRA level. This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. However, we afford no such deference to the post-conviction court's legal conclusions. We thus apply a *de novo* standard of review to the PCRA court's legal conclusions. Further, an appellate court is not bound by the rationale of the trial court and may affirm on any basis if the record supports it.

**Id.** (quotation marks and citations omitted).

The Commonwealth's first issue challenges the PCRA court's finding that Jamison was in fact *pro se* when he pled guilty. Borrowing a standard used in federal courts, the Commonwealth argues that Jamison had "close assistance of counsel," so there was never a need to assess the validity of his waiver of counsel. Indeed, Jamison pled in his *pro se* PCRA petition that standby counsel "was involved in the plea agreement for Jamison as well as many other proceedings throughout the case." Petition, 4/8/24, at 1. However, other parts of the record support the factual finding that Jamison was *pro se* when he entered his guilty pleas. **E.g.**, N.T., 8/18/23, at 2 (the prosecutor telling

the court that Jamison "appears pro se"). The record thus supports the finding that Jamison was *pro se*, and the Commonwealth's first issue fails.[2]

The Commonwealth's second issue challenges the basis for the PCRA court's ruling, the lack of an on-the-record colloquy under Rule 121. The Commonwealth argues that Jamison's written and oral responses to the guilty plea colloquy demonstrated that his waiver of the right to counsel was knowing and voluntary. For each area of inquiry required by the rule on waiving counsel, the Commonwealth cites portions of Jamison's colloquy that show Jamison's understanding.

Jamison argues that the trial judge's failure to question him under Rule 121 is reversible error not cured by the questions in his guilty plea colloquy. He emphasizes that waiving his right to trial by pleading guilty was a different decision than waiving his right to counsel by proceeding *pro se*.

The PCRA court gave two reasons why Jamison's guilty plea colloquy failed to show that his waiver of counsel was valid. First, a "piecemeal" approach to assessing a defendant's waiver of his right to counsel "is not a full and complete waiver colloquy in one neat colloquy." Order and Opinion, 4/11/25 at 16. "In hindsight, such a kludged together colloquy could not be said to have fully apprised [Jamison] of the Rule 121 concerns and, premised upon his answers, assured this Court that the plea was knowing, intelligent, and voluntary." *Id.* Second, the PCRA court saw "a temporal issue" from

---

[2] Consequently, we offer no opinion whether we would use the same "close assistance of counsel" standard as the federal courts.

reserving the finding of waiver until after Jamison started to plead guilty. ***Id.*** "It is simply too confused of a process." ***Id.***

Rule 121 provides a method for a trial court to ensure that a criminal defendant's waiver of the right to counsel is constitutionally valid. ***Commonwealth v. Davido***, 868 A.2d 431, 437–38 (Pa. 2005). The rule requires inquiry into six areas.

> (2) To ensure that the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent, the judge or issuing authority, at a minimum, shall elicit the following information from the defendant:
>
> > (a) that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;
> >
> > (b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;
> >
> > (c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;
> >
> > (d) that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;
> >
> > (e) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and
> >
> > (f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

Pa.R.Crim.P. 121(A)(2).

The rule provides that the prosecutor or defense counsel may "conduct the examination of the defendant" under this paragraph, but the judge must "be present during this examination." Pa.R.Crim.P. 121(A)(3). At a proceeding after a preliminary hearing (including a guilty plea), "the judge shall ascertain from the defendant, on the record, whether this is a knowing, voluntary, and intelligent waiver of counsel." Pa.R.Crim.P. 121(C).

The failure of a trial court "to conduct a thorough on-the-record colloquy before allowing a defendant to proceed to trial *pro se* constitutes reversible error." **Commonwealth v. Patterson**, 931 A.2d 710, 715 (Pa. Super. 2007) (ultimately quoting **Commonwealth v. Houtz**, 856 A.2d 119, 124 (Pa. Super. 2004)). A "penetrating and comprehensive" Rule 121 colloquy is required regardless of the defendant's prior experience with the justice system. **Houtz**, 856 A.2d at 124 (quoting **Commonwealth v. Owens**, 750 A.2d 872, 876 (Pa. Super. 2000)). On direct appeal, this Court would remand for the failure to address and ensure the defendant's understanding of every matter in Rule 121(A)(2). **E.g.**, **id.** at 130.

Post-conviction, a defendant is eligible for relief only if he establishes that his conviction or sentence resulted from a scenario in the PCRA, such as a constitutional violation. 42 Pa.C.S. § 9543(a)(2)(i). This can include proof that his waiver of counsel was not knowing, voluntary, and intelligent, as in **Owens**, 750 A.2d at 875. There, a PCRA petitioner proved that his waiver-of-counsel colloquy was invalid because he had said he had "no idea" of the

possible sentences for his charges, and no one informed him of the permissible range. *Id.* at 876.

Importantly, the waiver colloquy is distinct from the underlying right it helps protect. *Commonwealth v. Isaac*, 205 A.3d 358, 366 (Pa. Super. 2019) (following *Commonwealth v. Mallory*, 941 A.2d 686, 697 (Pa. 2008)). "A waiver colloquy is a procedural device; it is not a constitutional end or a constitutional 'right.'" *Id.* Although a "colloquy is a useful procedural tool" to ensure a valid waiver of a right, such as the right to counsel, "the colloquy does not share the same status as the right itself." *Id.* Thus, when a PCRA petitioner claimed prior counsel was ineffective for failing to challenge his Rule 121 colloquy, we did not presume that defects in the colloquy unconstitutionally prejudiced him. *Id.* at 367. The petitioner was not entitled to PCRA relief because he did not "distinguish between a technically deficient waiver colloquy and a constitutionally deficient waiver colloquy." *Id.*

Here, Jamison was never given a discrete on-the-record colloquy under Rule 121(A)(2). If this were a post-sentence motion or a direct appeal, that deficiency would likely entitle Jamison to relief. However, for Jamison to receive post-conviction relief, he must prove a constitutional violation. The content of Jamison's guilty plea colloquy demonstrates that he understood every area of inquiry under Rule 121 to show that his waiver of counsel was knowing, voluntary, and intelligent. In taking Jamison's plea, the court ensured that Jamison understood everything he initialed on the written guilty plea colloquy form. N.T., 8/18/23, at 9.

- Jamison understood the right to counsel and the right to free counsel if he is indigent. Guilty Plea Colloquy, 8/18/23, at 5 ¶ 24.

- Jamison understood "the elements of the crimes in question and the facts that would need to be established in order for [him] to be found guilty of those crimes." N.T., 8/18/23, at 9–10.

- Jamison understood the maximum sentences of confinement and fines for every offense charged, as well as "the total possible aggregate sentence." *Id.* at 11; Guilty Plea Colloquy, 8/18/23, at 5–6 ¶ 26.

- As to his procedural options, Jamison acknowledged that he could consult with standby counsel. N.T., 8/18/23, at 11.

- Although Jamison did not initial on the form that he understood he would waive possible defenses, the court confirmed Jamison's understanding on the record. *Id.* at 10–11. Standby counsel confirmed Jamison's understanding that he was preserving a potential future Second Amendment challenge based on case law. *Id.* at 8.

Throughout the proceeding, Jamison demonstrated that he understood his decision to waive counsel as well as his decision to plead guilty. These aspects being addressed out of order and without a formal Rule 121 colloquy amount to a technical deficiency rather than a violation of Jamison's constitutional rights. Because Jamison cannot prove a constitutional violation, he is not entitled to PCRA relief. 42 Pa.C.S. § 9543(a)(2)(i). We therefore reverse the PCRA court's order at all dockets.[3]

Order reversed. Jurisdiction relinquished.

---

[3] We reverse the order at docket 3795-21 on the merits. The same reasoning supported the order at dockets 3667-21 and 2316-22. Given our disposition, we do not reach Jamison's issues on cross-appeal.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 07/16/2026